# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**ERIC BROADEN,**

       **Plaintiff,**

**v.**                                         **Case No:  6:18-cv-160-Orl-40DCI**

**TRUCKPRO, LLC,**

       **Defendant.**

---

## ORDER

This cause comes before the Court for consideration without oral argument on the following motion:

| | |
|---|---|
| **MOTION:** | **JOINT MOTION FOR APPROVAL OF SETTLEMENT AND MOTION TO DISMISS THE CASE WITH PREJUDICE (Doc. 28)** |
| **FILED:** | **January 23, 2019** |

**THEREON** it is **ORDERED** that the motion is **GRANTED in part**.

Plaintiff filed this action against Defendant alleging a cause of action for unpaid overtime wages in violation of the Fair Labor Standards Act (FLSA).  Doc. 1.  On January 23, 2019, the parties filed a joint motion to approve the settlement and dismiss the case with prejudice (the Motion), to which the parties attached their proposed settlement agreement (the Agreement). Docs. 28; 28-1.  The Court has reviewed the Agreement pursuant to *Lynn's Food Stores, Inc. v. U.S. Dep't of Labor*, 679 F.2d 1350, 1352-53 (11th Cir. 1982), and finds it to be a fair and reasonable resolution of the Plaintiff's FLSA claim.  However, the Agreement includes an "Amendments" provision, which purports to allow the parties to modify the agreement without

Court approval.[1]  *See* Doc. 28-1 at 5.  Given that this provision would permit the parties to modify the agreement without Court approval, the undersigned finds that this provision is due to be stricken.[2]  *See, e.g.*, *Galasso v. Sascosports, Inc.*, No. 6:16-cv-2035-Orl-41KRS, 2017 WL 5501322, at *3 (M.D. Fla. Aug. 9, 2017), *report and recommendation adopted*, 2017 WL 5443164 (M.D. Fla. Nov. 2017); *Rosado v. Melao Bakery, LLC*, No. 6:16-cv-1060-Orl-41KRS, 2017 WL 2643982, at *4 (M.D. Fla. May 17, 2017), *report and recommendation adopted*, 2017 WL 2634795 (M.D. Fla. June 19, 2017).

The Court also finds that the parties' resolution of Plaintiff's claim for attorney fees and costs does not affect the fairness and reasonableness of the settlement.  *Bonetti v. Embarq Mgmt. Co.*, 715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009).

Finally, the parties request that the Court retain jurisdiction to enforce the terms of the Agreement.  Doc. 28 at 8.  But the parties provided no argument and cited no authority in support of this request.  *See* Doc. 28.  Courts in this District routinely deny requests to retain jurisdiction to enforce the terms of an FLSA settlement agreement.  *See, e.g.*, *Correa v. Goldblatt*, Case No. 6:10-cv-1656-Orl-28DAB, 2011 WL 4596224, at *3 (M.D. Fla. Sept. 9, 2011) *report and recommendation adopted*, 2011 WL 4704196 (M.D. Fla. Oct. 4, 2011); *Smither v. Dolphin Pools of SW Fla., Inc.*, Case No. 2:11-cv-65-FtM-29DNF, 2011 WL 2565494, at *2 (M.D. Fla. June 9, 2011) *report and recommendation adopted*, 2011 WL 2580459 (M.D. Fla. June 29, 2011).

---

[1] The "Amendments" provision provides as follows: "This Agreement may not be amended, modified, altered, or changed, except by a written agreement which is both signed by all parties and which makes specific reference to this Agreement."  Doc. 28-1 at 5.

[2] The Agreement contains a "Severability" provision, which provides that "[e]xcept as set forth below, should any provision of this Agreement set forth herein be declared illegal or unenforceable, excluding the release language, such provision shall immediately become null and void, leaving the remainder of this Agreement in full force and effect."  Doc. 28-1 at 4.

Therefore, the Court finds that the parties' request that the Court retain jurisdiction is due to be denied.

Given the foregoing, the Court finds that the Motion is due to be granted in part.

Accordingly, it is **ORDERED** that:

1. The Motion (Doc. 28) is **GRANTED in part**;

2. Paragraph 11 of the Agreement (Doc. 28-1 at 5) is **STRICKEN**;

3. The Agreement (Doc. 28-1) is otherwise found to be a fair and reasonable settlement of Plaintiff's FLSA claim;

4. The case is **DISMISSED with prejudice**;

5. The Clerk is **DIRECTED** to close the case; and

6. The Motion (Doc. 28) is otherwise **DENIED**.

**DONE** and **ORDERED** in Orlando, Florida on February 14, 2019.

DANIEL C. IRICK
UNITES STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties